**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM WRIGLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| WEISMAN HOLDING CORPORATION, ) | Case No. |
| HOMEWOOD HOLDING COMPANY, LLC, ) | |
| HOMEWOOD 2ND SITE HOLDING ) | |
| COMPANY, LLC, POSEN DISPENSARY ) | |
| HOLDING COMPANY, LLC, POSEN 2ND ) | |
| SITE HOLDING COMPANY, LLC, COMPASS ) | |
| DISPENSARY HOLDINGS, LLC, WCCC, ) | |
| LLC, and COMPASS DISPENSARY ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff William Wrigley, Jr., for his Complaint for Declaratory Judgment and Injunctive Relief against Defendants Weisman Holding Corporation, Homewood Holding Company, LLC, Homewood 2nd Site Holding Company, LLC, Posen Dispensary Holding Company, LLC, Posen 2nd Site Holding Company, LLC, Compass Dispensary Holdings, LLC, WCCC, LLC, and Compass Dispensary Management, LLC, states as follows:

**Nature of the Case**

1.     Defendants seek to arbitrate claims against Mr. Wrigley before the American Arbitration Association ("AAA").  But Mr. Wrigley never consented to arbitrate any claims with Defendants, and Defendants' asserted bases for arbitration find no support in law.  Accordingly, this is an action to enjoin, under Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and Federal Rule of Civil Procedure 65, arbitration proceedings Defendants wrongfully initiated against Mr.

Wrigley, and for a declaratory judgment under the Declaratory Judgment Act, 22 U.S.C. § 2201, and Federal Rule of Civil Procedure 57, that Mr. Wrigley is not bound to arbitrate Defendants' purported claims against him.

2.     On April 1, 2021, Defendants executed a Purchase Agreement with Parallel Illinois, LLC ("Parallel IL") and SH Parent, Inc. ("SH Parent," and with Parallel IL, "Parallel")  (Ex. A.)  Under the terms of the Purchase Agreement, Defendants were to sell to Parallel IL six cannabis dispensaries for a base purchase price of $100 million (subject to certain potential earn out payments).  (*Id.*)  Mr. Wrigley was not a party to the Purchase Agreement, and did not sign it on behalf of any party or entity.  The transactions contemplated by the Purchase Agreement have not been consummated.

3.     On June 1, 2022, Defendants filed a Demand for Arbitration ("Demand") with the AAA, asserting breach of contract and fraud claims.  (Ex. B.)  Defendants named Parallel, Mr. Wrigley, and James Whitcomb as respondents.  Defendants also assert a claim for "fraud – piercing the corporate veil" against Mr. Wrigley.  (*Id.*)

4.     On June 17, Mr. Wrigley, through counsel, sent a letter to the AAA, copying Defendants' counsel, informing it that he "was neither a party nor signatory to the Purchase Agreement, and is therefore not bound by it or the arbitration clause contained therein."  (Ex. C.)  He further explained that he is "not a proper party to the" arbitration and expressly "reserve[d] all his rights and remedies, including seeking any necessary judicial relief."  (*Id.*)

5.     Because Mr. Wrigley never agreed to arbitrate any claims with Defendants, he is not subject to arbitration before the AAA.  While the Purchase Agreement contains an arbitration provision, Mr. Wrigley was not a party or signatory to the Purchase Agreement, did not act as an agent to either Parallel or SH Parent, or treat either Parallel IL or SH Parent as his alter ego.  He

thus is entitled to an injunction barring Defendants from maintaining arbitration proceedings against him, and a declaration that Defendants' claims against him are not arbitrable.

## Jurisdiction and Venue

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of Delaware and Illinois, on the one hand, and a citizen of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 4, a party should bring a petition to enjoin arbitration in the district where the contracting parties agreed to arbitrate any disputes between them.  Here, the Purchase Agreement provides for arbitration to take place in Cook County, Illinois.

## The Parties

8.      As alleged in Defendants' arbitration Demand, Weisman Holding Corporation is a Delaware corporation and its address is 444 North Michigan Avenue, Suite 1200, Chicago, Illinois 60611.  Its address is 444 North Michigan Avenue, Suite 1200, Chicago IL 60611.

9.      As alleged in Defendants' arbitration Demand, Homewood Holding Company, LLC is a limited liability company organized under the laws of Illinois.  On information and belief, owns 100% of the issued and outstanding membership interests in an LLC that holds the license to operate a cannabis dispensary in Illinois.  It shares an address with Weisman Holding Corporation, and is wholly owned by Weisman Holding Corporation.

10.     As alleged in Defendants' arbitration Demand, Homewood 2nd Site Holding Company, LLC is a limited liability company organized under the laws of Illinois.  On information and belief, owns 100% of the issued and outstanding membership interests in an LLC that holds

the license to operate a cannabis dispensary in Illinois. It shares an address with Weisman Holding Corporation, and is wholly owned by Weisman Holding Corporation.

11.     As alleged in Defendants' arbitration Demand, Posen Dispensary Holding Company, LLC is a limited liability company organized under the laws of Illinois. On information and belief, owns 100% of the issued and outstanding membership interests in an LLC that holds the license to operate a cannabis dispensary in Illinois. It shares an address with Weisman Holding Corporation, and is wholly owned by Weisman Holding Corporation.

12.     As alleged in Defendants' arbitration Demand, Posen 2nd Site Holding Company, LLC is a limited liability company organized under the laws of Illinois. On information and belief, owns 100% of the issued and outstanding membership interests in an LLC that holds the license to operate a cannabis dispensary in Illinois. It shares an address with Weisman Holding Corporation, and is wholly owned by Weisman Holding Corporation.

13.     As alleged in Defendants' arbitration Demand, Compass Dispensary Holdings, LLC is a limited liability company organized under the laws of Illinois. On information and belief, owns 100% of the issued and outstanding membership interests in an LLC that holds two licenses to operate a cannabis dispensaries in Illinois. It shares an address with Weisman Holding Corporation, and is wholly owned by Weisman Holding Corporation.

14.     As alleged in Defendants' arbitration Demand, WCCC, LLC is a limited liability company organized under the laws of Illinois. On information and belief, it is located 301 Edgewater Place, Suite 405, Wakefield, Massachusetts 01880. According to the Office of the Illinois Secretary of State's online database, it also shares an address with Weisman Holding Corporation.

15.     As alleged in Defendants' arbitration Demand, Compass Dispensary Management, LLC is a limited liability company organized under the laws of Illinois.  On information and belief, it has its principal office at 477 Elm Place, Highland Park, Illinois 60035.

16.     Mr. Wrigley is a citizen and resident of Florida.  Wrigley served as the Chairman of the Board of Directors of Parallel from August 2018 until December 28, 2021.  He assumed the role of CEO in November 2018 and resigned from that position on November 19, 2021.

**Facts Common to All Counts**

***Parallel and SH Parent's Operations***

17.     SH Parent is a Delaware corporation organized under the laws of the state of Delaware.  It is one of the largest privately-held multi-state cannabis companies in the United States, with operations in Florida, Massachusetts, Texas, Pennsylvania, and Nevada.  In conjunction with Parallel IL, it sought to operate in Illinois.

18.     Wrigley served as a director of SH Parent from August 2018 until December 2021 and as Chairman of the Board of Directors from August 2018 to December 2021.  He assumed the role of CEO in November 2018 and resigned from that position in November 2021.  Mr. Wrigley also formerly served as the President and CEO of Parallel IL.

19.     During Mr. Wrigley's tenure as Chairman of the Board of Directors, the board held regular meetings and, along with SH Parent's officers, conducted SH Parent's business operations, exercising their collective business judgment.

***The Purchase Agreement***

20.     On April 1, 2021, Defendants entered into the Purchase Agreement with Parallel. The Purchase Agreement specified that Parallel IL would purchase from Defendants membership and ownership interests in six cannabis dispensaries.

- 5 -

21.     Several weeks prior to the date of the Purchase Agreement, SH Parent had entered into a business combination agreement with non–party Special Purpose Acquisition Companies ("SPAC"), Ceres Acquisition Corp. and affiliates ("Ceres"), with the intention of combing into a publicly-traded company and creating publicly-traded stock in SH Parent.

22.     The Purchase Agreement provided that the closing of the transaction would occur as early as August 31, 2021, while also recognizing that, absent agreement of the parties to the Purchase Agreement, the closing could occur at a date no later than April 1, 2022 (which was the outside date in the Purchase Agreement). (Ex. A, § 1.3.)

23.     Section 12.11 of the Purchase Agreement provides, in relevant part, that:

> Each of the parties irrevocably agrees that . . . any and all controversies and claims that may arise between the parties hereto concerning, arising out of or relating to this Agreement or any other document, instrument or agreement entered into in connection with this Agreement, or the breach hereof or thereof, shall be exclusively referred to and settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

(Ex. A, § 12.11, at 73.)

24.     Mr. Wrigley was not a party to the Purchase Agreement, and did not sign it in any capacity.  (*See, e.g.*, Ex. A.)

25.     Section 12.14 of the Purchase Agreement provides that "This agreement may only be enforced against, and any claim or suit upon, arising out of, or related to this Agreement, or the negotiation, execution or performance of this Agreement, may only be brought against **the named parties to this Agreement.**"  (Ex. B) (emphasis added).  It further specifies that "No person who is not a named party to this Agreement . . . will have or be subject to any liability or indemnification obligation (whether in contract, tort, equity or otherwise) any claim based on, in respect of, or by reason of, the sale and purchase of the Companies…"  (*Id.*)

26.     On September 30, 2021, the SPAC transaction between Parallel and Ceres was terminated. With the transaction called off, SH Parent did not go public as previously contemplated.

27.     The transactions contemplated in the Purchase Agreement have not been consummated.

### *Defendants Unsuccessful Litigation in Cook County*

28.     On February 7, 2022, Defendants filed a Verified Complaint in the Circuit Court of Cook County, Illinois, against SH Parent and Parallel IL alleging that Parallel breached the Purchase Agreement by failing to close on the acquisition. The complaint asserted a claim for specific performance of contract against Parallel, and sought a preliminary injunction. *Weisman Holding Corp., et al. v. Parallel Illinois, LLC, et al.*, 2022-CH-01066 (Cir. Ct. Cook. Cnty. Feb. 7, 2022).

29.     On February 8, 2022, Defendants filed a motion for a temporary restraining order ("TRO") that would, among other things, enjoin Parallel from using funds to pay certain debts, encumbering assets valued at more than $10 million or making contractual commitments of more than $20 million. On February 16, the Circuit Court denied Defendants' TRO motion noting, among other things, that Defendants' had failed to allege "that there's any overt attempt to frustrate this deal or defraud [Defendants]."

30.     On April 6, 2022, Defendants voluntarily dismissed the Cook County lawsuit.

### *Defendants' Arbitration Demand*

31.     In their Demand, Defendants allege that Parallel failed to abide by the terms of a Purchase Agreement. (Ex. B at ¶¶ 1-8.) Defendants also allege that certain false statements were made relating to the Purchase Agreement. (*Id.* ¶¶ 51-63.) Finally, Defendants allege that Parallel

is the "alter ego" of Mr. Wrigley such that he should be personally liable for any damages arising from Defendants' claims against Parallel. (*Id.* ¶¶ 78, 100.)

32.     Defendants seek $80 million in damages, as well as any earn-out consideration they may have earned, minus any amounts received in mitigation by selling the dispensaries, in addition to costs and fees. (*Id.* at ¶¶ 50, 83, 91 and p. 22.)

33.     Defendants allege that they may arbitrate their claims against Mr. Wrigley because he was an "agent" of Parallel and SH Parent, and is therefore bound by the arbitration provision. (*Id.* ¶ 23.)  As an alternative, Defendants allege that Parallel and SH Parent are the "alter ego[s] and façade[s]" of Mr. Wrigley. (*Id.* ¶¶ 78, 100.)

## <u>Count I</u>
### (Declaratory Judgment – Against All Defendants)

34.     Mr. Wrigley incorporates by references the allegations in Paragraphs 1–33, as though fully set forth herein.

35.     An actual controversy exists between Plaintiff and Defendants as to whether Mr. Wrigley is bound by the arbitration clause of the Purchase Agreement.

36.     Defendants allege, and Plaintiff denies that, as a matter of law, that Mr. Wrigley is bound by the arbitration clause of the Purchase Agreement, and that he is subject to arbitration under the same.  Moreover, Defendants allege, and Plaintiff denies, that he is bound by the arbitration clause as an agent or alter ego of any party to the Purchase Agreement.

## <u>Count II</u>
### (Preliminary and Permanent Injunction – Against All Defendants)

37.     Mr. Wrigley incorporates by references the allegations in Paragraphs 1–33, as though fully set forth herein.

38.     Unless Defendants are enjoined from pursuing its claims in arbitration, Mr. Wrigley will suffer irreparable harm because he will be forced to arbitrate a dispute he has not agreed to arbitrate.

39.     If the arbitration were to proceed, Mr. Wrigley would incur the substantial time and expense in defending itself in the arbitration proceeding, or risk an adverse outcome in those proceedings. Being compelled to arbitrate a dispute where the parties have not agreed to arbitrate constitutes irreparable harm.

40.     The balance of equities here tips decidedly in Petitioner's favor because Mr. Wrigley is neither a party nor a signatory to the Purchase Agreement, is not an agent of a signatory, is not an alter ego of a signatory, and has not otherwise agreed to arbitrate claims arising from, connected with, or related to the Purchase Agreement.

41.     The public interest would be served by enjoining Defendants from further prosecuting their claims against Mr. Wrigley in an arbitration proceeding to which he has not, and does not, consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff William Wrigley, Jr. respectfully requests that the Court enter the following relief:

A.     As to Count I, a declaratory judgment that Mr. Wrigley is not bound to arbitrate the claims asserted against him by Defendants.

B.     As to Count II, a preliminary and permanent injunction enjoining Defendants from prosecuting arbitral proceedings against Mr. Wrigley.

C.    As to Counts I and II, an award to Mr. Wrigley the costs and fees associated with the prosecution of this action, including reasonable attorneys' fees, together with such other, further or different relief as this Court deems just and proper in the circumstances.

Dated: June 28, 2022

/s/ *Craig C. Martin*
Craig C. Martin
Aaron J. Hersh
300 N. LaSalle Drive
Chicago, IL 60654
Telephone:  (312) 728-9000
cmartin@willkie.com
ahersh@willkie.com

Sameer Advani (*pro hac vice* forthcoming)
Brittany M. Wagonheim (*pro hac vice* forthcoming)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
sadvani@willkie.com
bwagonheim@willkie.com

*Counsel for Plaintiff William Wrigley, Jr.*